## A11A1932. THE STATE v. BROWN.
(726 SE2d 500)

BLACKWELL, Judge.

More than six years after he was arrested, Xavios Brown still had not been brought to trial, so he moved to dismiss his indictment, arguing that he had been deprived of his constitutional right to a speedy trial.[1] The court below granted his motion, and the State now appeals. The principles that guide a court in its consideration of

---

[1] The United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial," U. S. Const., Amend. VI, and the Georgia Constitution likewise guarantees that, "[i]n criminal cases, the defendant shall have a public and speedy trial." Ga. Const., Art. I, Sec. I, Par. XI (a).

whether a delay in bringing an accused to trial works a deprivation of the right to a speedy trial are set out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992), and the State contends that, when the court below considered the delay in bringing Brown to trial, it misapplied these principles and made findings of fact that the record does not sustain. We agree that the court mistakenly found a fact that does not appear from the record, but in this case, that one mistake is no reason for us to conclude that the court below abused its discretion when it found that Brown was deprived of his right to a speedy trial, nor is it a reason for us to remand the case for further proceedings. Consequently, we affirm the judgment below.

Brown was arrested in June 2002 for several crimes, all relating to the alleged molestation of a young boy,[2] and he posted a bond and was released from custody soon thereafter.[3] Nothing much happened for several years, until a Fulton County grand jury indicted Brown in July 2006 on charges of aggravated child molestation[4] and false imprisonment.[5] About five months later, a lawyer entered an appearance for Brown, and Brown demanded discovery of the State. The State apparently did not respond to the discovery demand, and Brown filed a motion to compel discovery in April 2007. The record shows that, within a few days of Brown filing his motion to compel, the State tried to mail some discovery materials to his lawyer, but they were sent to the wrong address. Brown finally was arraigned in November 2008,[6] and at that time, the State finally provided discovery to Brown.[7]

In December 2008, Brown moved to dismiss his indictment, contending that he had been deprived of his constitutional right to a speedy trial. The court below heard argument on the motion to dismiss in March 2009, but during the argument, Brown asked that the motion be set over until a later date, so that he could ascertain whether he could secure evidence of an alibi defense. Brown explained

---

[2] The molestation allegedly occurred in May 2002.

[3] The record does not reveal exactly when Brown made bond, but he and the State appear to agree that it happened soon after he was arrested. In any event, Brown did not argue below, and he does not argue on appeal, that he was held in custody for a long time following his arrest.

[4] See OCGA § 16-6-4 (c).

[5] See OCGA § 16-5-41 (a).

[6] The case apparently was set for arraignment in September 2006, April 2007, and February 2008, but nothing in the record shows what happened at these proceedings or whether Brown even had notice of the scheduled arraignments.

[7] The case appeared on a trial calendar for December 2008, but at the call of the calendar, Brown understandably announced that he was not ready for trial, having only received discovery a few days earlier.

that he still was attempting to obtain his work records from the time of the alleged molestation, which, he said, would show that he was working when the molestation allegedly occurred. Brown said that he did not know whether his employer still had records from so long ago and that the availability of the records would bear upon the extent to which he had been prejudiced by the failure of the State to bring him to trial sooner.[8] The court agreed to continue the hearing on the motion to dismiss.

In July 2010, the court below convened another hearing on the motion to dismiss. At this hearing, the lawyers argued about whether Brown had been deprived of his right to a speedy trial, but no one said anything about whether Brown had, in fact, been able to secure evidence of an alibi from his employer. Brown offered no evidence of actual prejudice as a result of the delay in bringing his case to trial, and the State offered no evidence to show that Brown had not, in fact, been prejudiced by the delay. The court below took the motion to dismiss under advisement, and nine months later, it entered an order granting the motion. In its order, which apparently had been pre-pared by Brown's lawyer, the court found that the delay in bringing the case to trial was a lengthy one, that the delay was a result of the "official negligence" of the prosecuting attorneys and the case man-agement system of the court, that Brown timely asserted his right to a speedy trial, that Brown was presumptively prejudiced by the delay, and that Brown was actually prejudiced as well because the delay impaired his ability to assert an alibi defense because "records vital to that defense no longer exist." The State timely filed a notice of appeal from this judgment. See OCGA § 5-7-1 (a). Whether an accused has been deprived of his right to a speedy trial is committed to the discretion of the trial court, and we review its decision to dismiss an indictment on speedy trial grounds only for an abuse of that discre-tion. *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011).

1. The principles that guide a court when it considers whether the delay in bringing an accused to trial amounts to a denial of his right to a speedy trial are set out in *Barker* and *Doggett*.[9] Some delay

---

[8] The employer apparently maintained these records in another state, and according to Brown, he had been unable to get any response to a subpoena and needed a court order compelling the production of the records. The court subsequently entered an order, directing either the production of the records or that a representative of the employer appear in court in April 2009.

[9] The principles set out in *Barker* and *Doggett* apply equally to a claimed denial of the right to a speedy trial under the United States Constitution and a claimed denial of the same right under the Georgia Constitution. *Redd v. State*, 261 Ga. 300, 301, n.1 (404 SE2d 264) (1991). Brown asserts his right to a speedy trial under both the United States and Georgia Constitu-tions.

is inevitable, of course, so a court first must consider whether the delay is long enough to raise a presumption of prejudice and to warrant a more searching judicial inquiry into the length, causes, and consequences of the delay. See *Doggett*, 505 U. S. at 651-652 (II); see also *Barker*, 407 U. S. at 530-531 (IV); *Pickett*, 288 Ga. at 675 (2) (a). The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and the courts measure the delay from the time the right attaches. *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005). Generally speaking, a delay approaching one year is sufficient in most cases to raise a presumption of prejudice and warrant a more searching inquiry. See *Doggett*, 505 U. S. at 652 (II), n. 1; but see *Barker*, 407 U. S. at 530-531 (IV) ("[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case."). In this case, nearly nine years elapsed between the arrest of Brown and the entry of the order dismissing his indictment. This delay raises a presumption of prejudice and clearly warrants a more searching inquiry, and the State does not contend otherwise.

2. When a more searching inquiry is warranted, the United States Supreme Court has explained that a court should consider "whether [the] delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett*, 505 U. S. at 651 (II); see also *Barker*, 407 U. S. at 530-533 (IV); *Pickett*, 288 Ga. at 675 (2) (a). Of these factors, no one is dispositive. Instead, a court must weigh all four factors, along with any other relevant circumstances, in "a difficult and sensitive balancing process." *Barker*, 407 U. S. at 533 (IV); see also *Pickett*, 288 Ga. at 675 (2) (a). We now proceed to examine whether the court below abused its discretion in its consideration and balancing of these factors.

(a) We first consider the finding of the court below that the delay in this case is an uncommonly lengthy one, and its conclusion that the length of the delay weighs heavily against the State. On appeal, the State concedes that the delay is uncommonly lengthy, and it is right to do so. After all, it took more than four years to indict Brown and more than two years to arraign him, and even after he asserted his right to a speedy trial, it took another two-and-a-half years to dispose of his motion to dismiss the indictment. The length of the delay in this case is, we think, extraordinary,[10] and given that "the presumption

---

[10] In *Doggett*, the United States Supreme Court characterized an eight-and-a-half year delay as "extraordinary." 505 U. S. at 651 (II).

that pretrial delay has prejudiced the accused intensifies over time," *Doggett*, 505 U. S. at 651 (II), we cannot say that the court below abused its discretion when it weighed the length of the delay against the State so heavily.

(b) We next consider the findings of the court below about the reasons for the delay. The court found that the delay in this case is a result of the negligent inaction of the prosecuting attorneys and the negligent case management practices of the court, that the blame for the delay, therefore, lies with the State, and that the reasons for the delay weigh against the State heavily. The State admits on appeal that the court was right to find that the preponderance of delay is attributable to it, but the State argues that the court erred when it failed to acknowledge that some portion of the delay is attributable to Brown and when it weighed the responsibility of the State for the delay heavily. We will address these arguments in turn.

Although the court below did not acknowledge explicitly in its order that Brown is to blame for a part of the delay, neither did it find explicitly that Brown bears no responsibility at all. A small portion of the delay is, in fact, attributable to Brown, namely the delay occasioned by his request to continue the first hearing on his motion to dismiss the indictment. But the continuance accounts for little more than a year of the nearly nine years of delay in this case, and in any event, when Brown asked for a continuance, he explained that he needed only "three to four weeks" to ascertain whether his employer had the work records that he sought to obtain. We see nothing in the record to suggest that Brown ought to be faulted for the failure of the court to set another hearing on his motion for more than 15 months, so we do not think the court was required to even attribute the entirety of the delay between the first hearing and the second to Brown. Consequently, although it might have been better for the court below to address explicitly the portion of the delay attributable to Brown, we cannot say that its failure to do so was an abuse of discretion, especially considering that the portion of the delay properly attributable to Brown is so short and that the blame for the nearly nine years of delay lies so overwhelmingly with the State.

We turn now to the contention that the court below gave too much weight to the reasons for the delay. About the weight to be assigned this factor, the United States Supreme Court has explained that "different weights should be assigned to different reasons." *Barker*, 407 U. S. at 531 (IV). "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government," whereas an unintentional delay, such as that occasioned by the mere negligence of the prosecuting attorneys or the overcrowded docket of the trial court, "should be weighted less heavily." Id. See also

*Vermont v. Brillon*, 556 U. S. 81, 90 (II) (129 SC 1283, 173 LE2d 231) (2009). Consistent with these principles, our own Supreme Court has said in several cases that a delay attributable to the mere negligence of the State should, generally speaking, be weighed against the State "benignly," "lightly," or "minimally." See, e.g., *Pickett*, 288 Ga. at 676 (2) (c) (2) (trial court "correctly weighed [unintentional delay] against the State only benignly"); *Sweatman v. State*, 287 Ga. 872, 875 (4) (700 SE2d 579) (2010) (unintentional delay "is weighed lightly against the State"); *Jakupovic v. State*, 287 Ga. 205, 207 (1) (b) (695 SE2d 247) (2010) (unintentional delay "weighs minimally"). In this case, the court below made no finding of deliberate delay and instead attributed the delay to the negligence of the prosecuting attorneys and the court, but it nevertheless weighed the reasons for the delay "heavily" against the State. According to the State, this clearly shows that the court below abused its discretion.

We do not think, however, that it is quite that simple. When the courts say that deliberate delays should be weighed "heavily," and that unintentional delays occasioned by mere negligence should be weighed "lightly," they are speaking in relative, not absolute, terms. How to weigh the reasons for a particular delay is not just a matter of selecting one of two discrete choices, "heavily" or "lightly." See *State v. Carr*, 278 Ga. 124, 126 (598 SE2d 468) (2004) ("Delay caused by State negligence, rather than deliberate action to impair a defense, *generally* is considered '*relatively benign*.'") (citation omitted; emphasis supplied); *Johnson v. State*, 268 Ga. 416, 418 (2) (490 SE2d 91) (1997) (same). After all, the United States Supreme Court has said that "the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows," such that "our toleration of such negligence varies inversely with its protractedness," *Doggett*, 505 U. S. at 657 (III) (B), signaling quite clearly that not all negligence is to be weighed equally. In this case, because the court below attributed the delay to the mere negligence of the prosecuting attorneys and the court, it was not entitled to weigh the reasons for the delay against the State as heavily as it might in a case of deliberate delay. It does not follow, however, that the court could not still weigh the reasons for the delay "heavily" against the State, relatively speaking.

This is not a case in which the blame for the delay is split pretty evenly between the State and the accused, and it is not even one in which the accused bears the blame for some significant share of the delay. To the contrary, of the nearly nine years of delay, at least seven-and-a-half years — the six years and nine months from the arrest until the first hearing on the motion to dismiss and the nine months from the second hearing until the entry of the order — seem

quite clearly attributable to the State. And as we explained earlier, it is not clear to us that Brown ought to bear the full responsibility for the extended delay between the two hearings. That the delay is so overwhelmingly attributable to the State is a proper basis, we think, for weighing the reasons for the delay against the State more heavily than in a case in which the responsibility for the delay is more evenly divided. See *Doggett*, 505 U. S. at 651 (II) (considering "whether the government or the criminal defendant is more to blame for [the] delay"). Moreover, the delay occasioned by negligence in this case is extraordinary, and as the United States Supreme Court noted in *Doggett*, "our toleration of such negligence varies inversely with its protractedness." 505 U. S. at 657 (III) (B).

For these reasons, the court below was authorized to give substantial weight, we think, to the reasons for the delay, even in the absence of deliberate delay. The court said only that it weighed the reasons for the delay against the State "heavily." Perhaps the court could have explained more clearly what it meant by this, and perhaps it would have been better if the court had done so. But our job is not to grade the work of the trial court. We must keep in mind that the consideration of the relevant factors is committed to the discretion of the trial courts, and their discretion in this regard is, as our Supreme Court has put it, "substantial." See *State v. Porter*, 288 Ga. 524, 533 (2) (e) (705 SE2d 636) (2011). Although the court below could not properly weigh the reasons for the delay in this case as heavily as in a case of deliberate delay, there is no indication that it did so, and we cannot say in the circumstances of this case that it was an abuse of the substantial discretion of the trial court to, relatively speaking, nevertheless weigh the reasons for the delay against the State "heavily."

(c) We turn now to the finding of the court below that Brown timely asserted his right to a speedy trial. Though the burden of ensuring that an accused is brought to trial promptly is ultimately the burden of the State, "the accused bears some responsibility to invoke the speedy trial right and put the government on notice that he or she . . . would prefer to be tried as soon as possible."[11] *Ruffin v. State*, 284 Ga. 52, 62 (2) (b) (iii) (663 SE2d 189) (2008). As our

---

[11] This principle is addressed, of course, to the reality that some accused might wish to delay his prosecution for as long as possible, or at least for some substantial time:

Pretrial delay often works to the advantage of the accused, because the government is constitutionally required to prove each element of its case beyond a reasonable doubt. Thus, in the main, the dimming of memories and loss of evidence that inevitably accompany the passage of time tend to help rather than hinder the accused, with the result that delay is not an uncommon defense tactic. Many criminal defendants, particularly when they have been released on bond pending trial, would therefore prefer to drag out the process as long as possible.

Supreme Court has explained, once the right to a speedy trial accrues, the accused must assert it with reasonable promptness, and "delay in doing so normally will be weighed against him." *Pickett*, 288 Ga. at 676 (2) (c) (3). That said, "[t]he accused is not required to demand a speedy trial at the first available opportunity," *Ruffin*, 284 Ga. at 62 (2) (b) (iii), only to demand it "in due course." *Doggett*, 505 U. S. at 651 (II). To assess whether the accused insisted "in due course" upon his right to a speedy trial "requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." *Ruffin*, 284 Ga. at 63 (2) (b) (iii).

In this case, Brown did not assert his right until six-and-a-half years after his arrest. Although he was unindicted for much of that time, the accused need not await indictment and instead "can begin demanding that the right to a speedy trial be honored as soon as he or she is arrested." *Ruffin*, 284 Ga. at 63 (2) (b) (iii). Consequently, when the accused waits until years after his arrest to assert his right to a speedy trial, the failure of the accused to assert his right sooner ordinarily will weigh against him heavily. *Pickett*, 288 Ga. at 677 (2) (c) (3). Even so, the Supreme Court has acknowledged that circumstances sufficient to justify a lengthy delay in asserting the right to a speedy trial may appear in some cases, and whether the circumstances mitigate any delay in asserting the right is a question committed to the sound discretion of the trial court. See, e.g., *State v. Gleaton*, 288 Ga. 373, 376 (703 SE2d 642) (2010); *State v. White*, 282 Ga. 859, 862 (2) (c) (655 SE2d 575) (2008). Considering the mitigating circumstances that appear in this case, the court below did not abuse its discretion when it concluded that Brown asserted his right to a speedy trial promptly enough.

Brown was not indicted until more than four years after his arrest, and he was free on bond for most of that time. There is no indication in the record that Brown was represented by a lawyer until after he was indicted, and the record shows that, after a lawyer finally appeared, Brown promptly demanded discovery of the State. When it appeared that discovery was not forthcoming, Brown filed a motion to compel discovery, and when the State finally provided discovery, Brown promptly asserted his right to a speedy trial. Our Supreme Court has acknowledged that a failure to assert the right until after indictment sometimes may be mitigated by the fact that the accused was "out on bond and without counsel" until after indictment. See

*Ruffin v. State*, 284 Ga. 52, 62 (2) (b) (iii) (663 SE2d 189) (2008) (punctuation and footnotes omitted).

*Pickett*, 288 Ga. at 676 (2) (c) (3). And our Court has said that, even after indictment, a delay in demanding a speedy trial sometimes may be mitigated by the fact that the accused was insisting in the meantime that the State comply with its obligations to furnish discovery. See *State v. Shirley*, 311 Ga. App. 141, 146 (3) (c) (714 SE2d 636) (2011). In light of the potentially mitigating circumstances that appear in this case, we conclude that the court below did not abuse its discretion when it found that Brown asserted his right to a speedy trial in due course. See *Gleaton*, 288 Ga. at 376; *White*, 282 Ga. at 862 (2) (c).[12]

(d) Last, we consider the question of prejudice. As the United States Supreme Court has explained, actual prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect," namely "to prevent oppressive pretrial incarceration," "to minimize anxiety and concern of the accused," and "to limit the possibility that the defense will be impaired."[13] *Barker*, 407 U. S. at 532 (IV). See also *Doggett*, 505 U. S. at 654 (III) (A). Of these interests, an injury to the last is the most serious, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U. S. at 532 (IV). That is just the sort of injury that the court below found in this case, finding that Brown was impaired in his assertion of an alibi defense because "records vital to that defense no longer exist."[14]

The record, however, does not sustain this finding. Although the court below ordered the employer to produce the work records that Brown sought, Brown never reported back to the court whether the employer did so, whether it instead reported that the work records were unavailable, or whether it failed altogether to respond. On the existing record, therefore, the finding of actual prejudice was erroneous. That said, prejudice properly can be presumed in this case, given the extraordinary length of the delay, see *Doggett*, 505 U. S. at

---

[12] We do not mean to suggest that the court below was *required* in this case to find a timely assertion of the right. See *Shirley*, 311 Ga. App. at 146 (3) (c). That question was committed to the discretion of the trial court. *Pickett*, 288 Ga. at 677 (2) (c) (3).

[13] As to the last interest, the United States Supreme Court has observed that, "[i]f witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past." *Barker*, 407 U. S. at 532 (IV).

[14] The court below did not find, and Brown does not urge, that he was subjected to oppressive pretrial incarceration in this case. Moreover, although Brown argues that he has suffered anxiety and concern about his prosecution, no evidence appears in the record on this point, and as our Supreme Court has instructed, it is only "unusual anxiety and concern beyond that which necessarily accompanies serious pending charges" that counts as actual prejudice. *Sweatman*, 287 Ga. at 875 (6).

652 (II) (noting that "the presumption that pretrial delay has prejudiced the accused intensifies over time"), and the State offered no evidence to rebut the presumption of prejudice. The court below, therefore, properly considered presumptive prejudice when it weighed the *Barker-Doggett* factors.

3. The question that remains for our consideration is whether the decision below must be set aside and the case remanded for further proceedings simply because the finding of actual prejudice was erroneous. We do not think a remand is required in this case. When a question is committed to the sound discretion of the trial court, but the trial court clearly errs in its consideration of the question with respect to a finding of material fact, an appeals court ordinarily must vacate the decision of the trial court and remand. See *Pickett*, 288 Ga. at 678-680 (2) (d). But even when the trial court has clearly erred in a finding of material fact, its decision can be affirmed on appeal if, putting aside that clear error, "the trial court would still be required, as a matter of law, to exercise its discretion" in the same way as it did. Id. at 679-680 (2) (d). This is one of those unusual cases, we think, in which the court below, even if we remanded for reconsideration, would have no discretion under the law to do anything but grant the motion to dismiss the indictment. The delay in bringing Brown to trial was truly extraordinary, the State having waited more than four years to indict him for a noncapital offense, the State having taken more than two years after indictment to arraign him and provide discovery, and the court below having taken more than two years after the filing of the motion to dismiss to decide the motion. That delay, the court below correctly found, was almost entirely the fault of the State and could be weighed heavily against it. The court found that Brown asserted his right to a speedy trial in due course, a finding that was no abuse of discretion. And although no evidence of actual prejudice appears, a presumption of prejudice has arisen, and the State offered nothing to rebut it. Considering these things, we conclude that Brown was deprived of his right to a speedy trial, and no court reasonably could conclude otherwise. See *Doggett*, 505 U. S. at 658 (III) (B) ("When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review, and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief.") (citations omitted). We will not remand for unnecessary, additional proceedings when the outcome is already certain, and for these reasons, we affirm the judgment below.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 20, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012 — ▮▮▮▮▮▮▮

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellant.
*King, King & Jones, David H. Jones*, for appellee.