**FOURTH DIVISION
DOYLE, P. J.,
ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**September 19, 2012**

# In the Court of Appeals of Georgia

A12A1627. SINGLETON v. THE STATE.

ANDREWS, Judge.

On appeal from the trial court's denial of his plea in bar, Steve Singleton argues that the court abused its discretion because the State took more than four years from his arrest to bring the case to a ruling on the plea. We vacate and remand for further proceedings because the trial court considered only 19 of the 55 months of delay between Singleton's arrest and the denial of his plea, with the result that it could not properly exercise its discretion as to whether his constitutional right to a speedy trial was violated.

We examine Singleton's claim under the four-part test established in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), "considering (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the

right, and (4) the prejudice to the defendant. See *Brown v. State*, 264 Ga. 803, 804 (2) (450 SE2d 821) (1994)." *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997). "[T]he factors should be considered together in a balancing test of the conduct of the prosecution and the defendant." (Citations and punctuation omitted.) *Nusser v. State*, 275 Ga. App. 896, 897 (622 SE2d 105) (2005). "Absent an abuse of discretion, we must affirm the trial court's balancing and weighing of the four *Barker* factors." Id. However, when a trial court "'has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished.'" *State v. Porter*, 288 Ga. 524, 526 (2) (a) (705 SE2d 636) (2011), quoting *Williams v. State*, 277 Ga. 598, 601 (592 SE2d 848) (2004).

The record shows that Singleton was arrested for the misdemeanor of simple battery on April 7, 2007. On June 13, 2007, the State Solicitor General's office asked that the case be handled by the Dekalb County District Attorney because the alleged facts "would appear to support felony charges of [a]ggravated [a]ssault and [s]odomy" rather than misdemeanor battery. On June 21, the District Attorney began proceedings against Singleton under the felony charges.

2

More than two years later, on October 29, 2009, Singleton was indicted on two counts of aggravated assault, one count of false imprisonment, and one count of sexual battery concerning acts alleged to have taken place on April 4, 2007. Singleton was arrested for the second time on December 28 and arraigned and released under a consent order for bond two days later. On January 14, 2010, Singleton's newly retained counsel filed a number of discovery requests and motions, including one for an extension of time to file additional motions. On March 8, the State responded and filed a notice of its intent to introduce evidence of prior convictions. In the meantime, on February 11, Singleton and the State agreed to a second consent order amending the conditions of Singleton's bond so that he could travel from Georgia to Florida to attend a convention of car dealers.

On March 22, 2010, Singleton filed a plea in bar as to the sexual battery charge, arguing that it was barred by the applicable statute of limitation for misdemeanor offenses (OCGA § 17-3-1 (d)). In early 2011, Singleton's case was called on January 18, February 22, April 6, and June 8. On the latter date, Singleton filed a plea in bar as to the three remaining charges. Singleton did not appear at the February 22 call because he was hospitalized, but he announced ready at the three other calls, as well as at a July 7 call concerning the plea in bar. After a hearing at

which the State conceded Singleton's plea as to the sexual battery charge, the trial court denied the plea as to the remaining charges on November 4, 2011.

1. "The right to a speedy trial attaches at the time of arrest or formal accusation or indictment, whichever occurs first, and we measure the delay from the time the right attaches." *Howard v. State*, 307 Ga. App. 822, 824 (706 SE2d 163) (2011), citing *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005). "Most courts have said that a delay approaching one year is sufficient in most cases to warrant a more searching inquiry." Id.

The Supreme Court of Georgia has repeatedly held that when it occurs first, the date of arrest is the proper point at which to commence the calculation. See *Wilkie v. State*, 290 Ga. 450, 451 (721 SE2d 830) (2012) (calculating length of delay from arrest to the denial of the motion for discharge and acquittal); *Scandrett*, 279 Ga. at 633 (1) (a) (speedy trial right attaches "at the time of arrest or when formal charges are brought, whichever is earlier"); *Williams*, 277 Ga. at 599 ("The relevant time period in a speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest") (emphasis in original); *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994).

4

The delay in this case consists not of the 19 months from Singleton's indictment in late October 2009 to his assertion of the right in early June 2011 considered by the trial court, but rather the 55 months from Singleton's arrest in early April 2007 to the denial of his plea in early November 2011. As the State concedes, this 55-month delay was presumptively prejudicial to Singleton such that we consider the remaining *Barker* factors. See *Williams v. State*, 279 Ga. 106, 108 (1) (a) (610 SE2d 32) (2005) (delay of 62 months was "so extraordinarily long as to be considered presumptively prejudicial and to require the consideration of the remaining factors in the [*Barker*] balancing test"); *Carder v. State*, 312 Ga. App. 61, 62 (1) (717 SE2d 661) (2011) (over five years from arrest to denial of plea was presumptively prejudicial).

2. Having established presumptive prejudice, we now turn to the four factors "'(i) whether delay before trial was uncommonly long, (ii) whether the government or the criminal defendant is more to blame for that delay, (iii) whether, in due course, the defendant asserted the right to a speedy trial, and (iv) whether he or she suffered prejudice as the delay's result.'" (Punctuation omitted.) *Ruffin v. State*, 284 Ga. 52, 56 (2) (b) (663 SE2d 189) (2008), quoting *Doggett v. United States*, 505 U. S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992).

5

(a) *Whether the Delay was Uncommonly Long.* "The length of the pretrial delay in absolute terms plays a role in the threshold determination of presumptive prejudice. However, it also wears another hat as one of the four interrelated criteria that must be weighed in the balance at the second stage of the *Barker-Doggett* analysis." *Ruffin*, 284 Ga. at 56 (2) (b) (i). Pretrial delay forms a part of the actual prejudice prong of the *Barker* analysis, "'with the presumption that pretrial delay has prejudiced the accused intensifying over time.'" (Citations omitted.) *Fallen v. State*, 289 Ga. 247, 248 (710 SE2d 559) (2011), quoting *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). "However, the presumptive prejudice arising from delay cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. Instead, it is part of the mix of relevant facts, and its importance increases with the length of delay." Id.

As we have held above, the trial court clearly erred when it took the dates of Singleton's felony indictment rather than his arrest and the assertion of his right rather than the denial of the plea as the basis of its deliberations, with the result that it used a substantially shorter period of delay than the law requires in its balancing of *Barker* factors. See *Porter*, 288 Ga. at 526 (2) (a) (when a trial court has "clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the

6

deference owed [its] ultimate ruling is diminished"). It is true that despite this error, the trial court concluded its analysis by noting that Singleton's crimes were not factually complex and that the factor of delay should weigh against the State. Nonetheless, the trial court could well have weighed this factor substantially more heavily against the State if it had proceeded under the correct facts. We must therefore vacate the trial court's order and remand the case for reconsideration of "the length of delay as a separate factor" and whether the 55-month delay here was "uncommonly long" for charges of aggravated assault and/or sodomy. *Goddard v. State*, — Ga. App. — (2) (a) (Case No. A12A0504, decided May 15, 2012) (remanding for reconsideration of proper 19-year period of delay concerning robbery charges).

(b) *Blame for the Delay*. Our Supreme Court has also held that where, as here, there is no allegation of engineered delay by either the State or the defendant, factors to be considered in assessing blame for delay may include "overcrowded dockets, the government's failure to provide for sufficient numbers of judges, prosecutors, or indigent defense counsel, neglect by the prosecution or other government agents, mere convenience of the prosecution, or the desire to avoid the expense of separate trials for two defendants involved in the same crime." *Ruffin*, 284 Ga. at 60 (2) (b)

7

(ii). "Each of these reasons must be counted against the government in the *Barker-Doggett* analysis, though less heavily than delay designed to sabotage the accused's case." Id.

Here, Singleton has conceded that the State has not deliberately delayed his prosecution for the purpose of hampering his defense. The record shows that Singleton's motion for extension asked for two weeks to file additional motions. Even accounting this single and brief delay against Singleton, as the trial court did, we think that the trial court did not abuse its discretion when it reached the conclusion that "the reason for the delay is largely due to an overcrowded docket." As in Division 2 (a), however, we cannot necessarily say the same of the trial court's decision to weigh this factor only "benignly" against the State. The weight assigned to governmental negligence under the second *Barker* factor "'compounds over time . . . such that [a court's] toleration of such negligence varies inversely with its protractedness.'" *State v. Brown*, 315 Ga. App. 544, 549 (2) (b) (726 SE2d 500) (2012), quoting *Doggett*, 505 U. S. at 657 (III) (B). "Even benign negligence will begin to weigh more heavily against the State, the longer the delay caused by the same." *Hayes v. State*, 298 Ga. App. 338, 345 (2) (b) (680 SE2d 182) (2009).

It is true that the record in *Hayes* supported a finding that the State made a "deliberate and strategic" decision to dead-docket the defendant's case, with the result that the second *Barker* factor was weighed "substantially against the State." 298 Ga. App. at 345 (2) (b). Nonetheless, and even noting the absence of deliberate delay in the record before us, we cannot say that adding an additional three years to Singleton's case's delay, for a new total of 55 months, or more than four-and-a-half years from arrest to plea denial, would not affect the trial court's analysis concerning the second *Barker* factor. In light of the trial court's failure to consider more than half the relevant period of pretrial delay for purposes of both the first and the second factors, we must remand the case "so that the court can reconsider the circumstances giving rise to the delay and reassess the causes for the delay with regard to the principles outlined [above] before reweighing this factor." (Citation and punctuation omitted.) *Goddard*, — Ga. App. at — (2) (b) (because trial court erred in holding that 16-year delay caused "at least in part" by the State's negligence was "relatively benign," case must be vacated and remanded); see also *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000) (rejecting the State's argument that pre-trial delay resulting from its desire to try all co-defendants together was "benign," and therefore entitled to little weight, simply because it was not designed to prejudice the defense);

*Johnson v. State*, 313 Ga. App. 895, 902 (2) (b) (723 SE2d 100) (2012) (remanding to trial court where record was "incomplete" and findings of fact were "scant" on the reasons and responsibility for a delay).

(c) *Assertion of the Right to a Speedy Trial*. The issue as to the third *Barker* factor is " whether the accused has asserted the right to a speedy trial 'in due course.'" *Phan v. State*, 290 Ga. 588, 595 (1) (c) (723 SE2d 876) (2012), quoting *Ruffin*, 284 Ga. at 63 (2) (b) (iii). "This factor requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately. Because delay often works to the defendant's advantage, [moreover,] this factor is afforded strong evidentiary weight."

Although the right to a speedy trial accrues from the time of arrest, Singleton waited more than four years from that time to assert his right, and he has never given a reasonable explanation for the delay. As we recently repeated in a case in which four years passed between a defendant's arrest and indictment for child molestation, "the accused need not await indictment and instead can begin demanding that the right to a speedy trial be honored as soon as he or she is arrested." (Citation and punctuation omitted.) *Brown*, 315 Ga. App. at 551 (2) (c). Thus when a defendant "waits until years after his arrest to assert his right to a speedy trial, the failure of the

10

accused to assert his right sooner ordinarily will weigh against him heavily. *Pickett*, 288 Ga. at 677 (2) (c) (3)." Id.

As to this factor, the trial court found that Singleton had never given any reason for this delay in asserting his right, that he had never asserted the right before June 2011, and that the factor weighed against him as a result. Even though the trial court erred when it used a 19- rather than 55-month period of delay, such an error could not have changed its evaluation of this factor in Singleton's favor because a period of three years or more would likely result in the factor being weighed heavily against him. See *Fallen*, 289 Ga. at 249 (3) (three-year delay in asserting right weighs heavily against defendant); *Layman v. State*, 284 Ga. 83, 86 (663 SE2d 169) (2008) (four-year delay weighs heavily against defendant).

(d) *Prejudice Resulting from the Delay.* Among the kinds of prejudice a defendant may suffer from unreasonable delay are "[i] oppressive pretrial incarceration, [ii] anxiety and concern of the accused, and [iii] the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." (Citations and punctuation omitted.) *State v. Pickett*, 288 Ga. 674, 677 (706 SE2d 561) (2011). "Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness

of the entire system." Id. Because of the difficulty of proving specific prejudice due to the passage of time alone,

> excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay.

Id. (citations omitted).

(i) Of the more than four years between his April 2007 arrest and the November 2011 denial of his plea, Singleton has spent only three days in jail. Thus he has made no showing of oppressive pretrial incarceration. See *Fallen*, 289 Ga. at 249 (4).

(ii) Singleton requested and obtained the December 2009 consent bond restricting travel beyond the Atlanta metropolitan area; he himself attributed much of his physical distress during the period at issue to his cancer diagnosis and treatment. Thus the trial court had evidence to support its rejection of Singleton's claim that he suffered unusual anxiety or concern as a result of the charges pending against him. *Carder*, 312 Ga. App. at 66 (defendant's depression and anxiety were not necessarily caused by the delay in prosecution); *Weems*, 310 Ga. App. at 595 (travel

12

restrictions due to a bond condition could not cause "the level of anxiety and concern necessary to constitute a violation of a defendant's speedy trial rights").

(iii) Finally, Singleton does not argue on appeal that the delay in prosecuting the case against him has resulted in any specific impairment to his ability to defend himself.

We are mindful that "[a]lthough the passage of time is not alone sufficient to sustain a speedy trial claim, greater pretrial delays simultaneously increase the degree of prejudice presumed and decrease the expectation that the defendant can demonstrate tangible prejudice to his or her ability to present a defense." *Williams*, 277 Ga. at 601 (1) (d). Had the trial court not erred in the period of delay at issue, we could conclude that in the absence of any concrete evidence of harm under any of the three subfactors of the fourth *Barker* factor, the trial court did not err when it weighed this factor against Singleton. See *Ruffin*, 284 Ga. at 65 (2) (b) (iv) (trial court properly weighed fourth *Barker* factor against defendant when he "failed to present any specific evidence that his ability to defend himself had been impaired"); *Carder*, 312 Ga. App. at 66 (trial court did not abuse its discretion when it found that defendant had failed to show any actual prejudice). However, without the trial court's own evaluation of the fourth factor using the 55- instead of 19-month period of delay, and

13

given settled law the presumption of prejudice "increases with the length of delay," we cannot be certain as a matter of law what the outcome of its discretionary determination as to that factor would have been. See *Goddard*, — Ga. App. at — (2) (d) (remanding for reconsideration of prejudice factor when trial court failed to consider nearly 19-year delay before denial of plea); *Brown*, 315 Ga. App. at 553 (2) (d) (given that prejudice could be presumed after nearly nine years of delay, and that "the State offered no evidence to rebut the presumption," the trial court "properly considered presumptive prejudice" in its weighing process).

3. *Balancing the Four* Barker *Factors*. As we have noted above, the trial court should have taken the delay of 55 months from arrest to denial of Singleton's plea, rather than the 19 months from indictment to filing of that plea, as the starting point for its deliberations. Given this clear error, "the deference owed the trial court's ultimate ruling is diminished." *Williams*, 277 Ga. at 601 (1) (e). Specifically, a trial court considering this near tripling of the relevant length of time might very well conclude that the first *Barker* factor should weigh substantially more heavily against the State. It is true that this same error also resulted in the trial court's weighing of the third *Barker* factor concerning Singleton's dilatory assertion of his right less heavily against Singleton than the law would have required, which of course militates

14

in favor of the State. But the error also infected the trial court's decision as to the second and fourth factors in that it might well have laid the blame for a 55-month delay more heavily against the State and found it substantially easier to presume prejudice in favor of Singleton.

Given the magnitude of the trial court's error, then, and knowing that we cannot substitute our judgment for its own on the matter, we must conclude not only that it failed to exercise its discretion over the relevant facts, but also that "had [it] used the correct facts and legal analysis," it could have had the "discretion to reach a different judgment." See *Pickett*, 288 Ga. at 679 (2) (d). We therefore vacate and remand the case "for the court to exercise its discretion again using properly-supported factual findings and the correct legal analysis," including "findings of fact and conclusions of law consistent with *Barker*." Id. at 680 (2) (d) (where the Supreme Court of Georgia was unable to conclude that the trial court "necessarily would have ruled that [a defendant's] constitutional right to a speedy trial was violated," the Court of Appeals erred in affirming the trial court's judgment rather than remanding the case to the trial court); *Goddard*, — Ga. App. at — (2) (e) (vacating and remanding with direction in light of trial court's unsupported factual findings and misapplication of *Barker* factors); *Johnson*, 313 Ga. App. at 906 (2) (e) (remanding

15

for further proceedings where trial court's errors, including its failure to consider whether a delay was uncommonly long, meant that it "could not properly balance the *Barker* factors").

*Judgment vacated and case remanded with direction. Doyle, P. J., and Boggs, J., concur.*