### A01A1055. CARROLL v. THE STATE.
(554 SE2d 560)

MILLER, Judge.

A jury found Freddie O. Carroll guilty of DUI, weaving over the roadway, and reckless driving. On appeal Carroll argues that the accusations based on these offenses were filed outside the two-year limitation period[1] and that the court erred in failing to instruct the jury on the statute of limitation.

On May 23, 1996, police issued Carroll uniform traffic citations charging him with three traffic offenses. These citations were filed in Atlanta City Court on May 24, 1996. On July 10, 1998, the State filed accusations for the same offenses.

1. "A uniform traffic citation serves as an accusation in any court having jurisdiction over the offense, except superior court."[2] The July 1998 accusations were based on the same conduct as the original citations (of which there had been no final disposition) and thus were a continuation of the prosecution of those citations.[3]

The arresting officer testified that on May 23, 1996, he arrested and charged Carroll with DUI.[4] Although the better practice would have been to admit the uniform traffic citations into evidence, this is sufficient evidence for the jury to infer that the crimes were prosecuted within the two-year limitation period.

2. Carroll argues that the court erred in failing to instruct the jury on the statute of limitation. Carroll did not, however, submit a timely written request to charge on the statute of limitation[5] and has therefore waived the right to any such charge.[6]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

---

[1] Under OCGA § 17-3-1 (d), "[p]rosecution for misdemeanors must be commenced within two years after the commission of the crime."

[2] (Citations omitted.) *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999).

[3] See id. at 462; *State v. Rustin*, 208 Ga. App. 431, 433 (2) (430 SE2d 765) (1993) (filing of formal accusation after issuance of uniform traffic citation would have been a superfluity); cf. *Freeman v. State*, 194 Ga. App. 905, 908 (8) (392 SE2d 330) (1990).

[4] The weaving and reckless driving charges were merged with the DUI charge.

[5] Carroll submitted a request to charge only after the court failed to give instruction on the statute of limitation.

[6] See *Pryor v. State*, 231 Ga. App. 136, 138 (6) (497 SE2d 805) (1998); *Wallace v. State*, 216 Ga. App. 718, 720 (4) (455 SE2d 615) (1995).

DECIDED AUGUST 28, 2001 —
RECONSIDERATION DENIED OCTOBER 15, 2001 —

*Chestney Hawkins Law Firm, Robert W. Chestney,* for appellant.
*Joseph J. Drolet, Solicitor-General, Jennifer L. Moore, Assistant Solicitor-General,* for appellee.