A08A2415. CHISM v. THE STATE.
(674 SE2d 328)

SMITH, Presiding Judge.
Convicted by a jury of speeding and driving a vehicle with a suspended tag, Shenita Shevaughn Chism, pro se,[1] appeals. Finding no error, we affirm.

> On appeal, we view the evidence in the light most favorable to the jury's verdict, and the appellant no longer enjoys the presumption of innocence. This Court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient for a rational trier of fact to find appellant guilty of the charged offense beyond a reasonable doubt.

(Citation, punctuation and footnote omitted.) *Gregory v. State*, 277 Ga. App. 664, 665 (1) (627 SE2d 79) (2006).

So viewed, the evidence shows that, on January 30, 2006, a Douglas County Sheriff's Deputy was conducting speed enforcement on Interstate 20, using a Pro Laser III speed detection device. He observed a white Nissan Altima which he estimated was traveling

---

[1] Chism's brief contains no citations to the record or transcript, in violation of Court of Appeals Rule 25 (a) (1). We remind Chism that "reference to the record should be indicated by specific volume or part of the record and by (R-Page Number of the Record). And where proper citations are not provided, we will not cull the record on appellant's behalf." (Citations, punctuation and footnotes omitted.) *Migmar, Inc. v. Williams*, 281 Ga. App. 870, 871 (1) (637 SE2d 471) (2006).

around 85 miles per hour in a 65 miles per hour zone. Activating the Pro Laser III, the deputy determined that the Altima was actually going 87 miles per hour. Upon executing a traffic stop, the deputy found Chism driving and verified that she had a suspended tag.

During redirect examination of the deputy, the State tendered the 2007 and 2003 administrative orders approving the use of the Pro Laser III as a speed detection device. No objection to these documents was made by Chism. The deputy also testified that the location where he was using the laser had no area with more than a seven percent grade and that he and the laser were visible for 500 feet.

1. In her first enumeration of error, Chism contends that her prosecution was barred by the statute of limitation.

OCGA § 17-3-1 (d) provides that "[p]rosecution for misdemeanors must be commenced within two years after the commission of the crime." A prosecution "commences" when a charging instrument, such as an accusation, indictment, or Uniform Traffic Citation ("UTC"), is issued, *State v. Rustin*, 208 Ga. App. 431, 432-433 (2) (430 SE2d 765) (1993), and "continues until there has been a final disposition of the case." *Prindle v. State*, 240 Ga. App. 461 (1) (523 SE2d 44) (1999).

Here, the prosecution commenced on January 30, 2006, with the issuance of the UTCs, and there was no violation of the statute of limitation.

2. Chism contends, in her second and third enumerations, that the State failed to introduce a certified copy of a list of laser devices approved by the Georgia Department of Public Safety (DPS) and failed to introduce a certificate of calibration for the laser device used by the officer.

The only foundation required for the entry of evidence of speed obtained by a laser detection device is the certified copy of the DPS's list of approved laser speed detection devices, which was provided here. *In the Interest of B. D. S.*, 269 Ga. App. 89, 91 (3) (603 SE2d 488) (2004). Further, no objection was made by Chism to the introduction of the results of the laser detection device. This issue has therefore not been preserved for our review. *Van Nort v. State*, 250 Ga. App. 7, 8-9 (2) (550 SE2d 111) (2001).

3. Chism's fourth enumeration is that the State failed to prove that the laser detection device was being used on a road with a grade of seven percent or less.

No objection was made on this ground below. *Van Nort*, supra. Also, a review of the testimony of the sheriff's deputy shows that there was evidence that nowhere on the interstate where the deputy used the laser had a seven percent grade.

4. Although Chism argues that the trial court ignored her "request during cross-examination for a valid traffic and engineering survey," she includes no citation to the transcript where any such request was made and we find no such objection, motion, or request to this effect. This claim is therefore waived.

5. Finally, Chism contends that the trial court denied her substitute counsel after she filed a motion claiming ineffective assistance of counsel, forcing her to withdraw her motion "due to the Defendant is entitled to competent counsel[,]" and did not advise her of the dangers of proceeding pro se.

On May 8, 2008, although represented by counsel, Chism filed her pro se Motion to Request Substitute Counsel or Allow Attorney to Withdraw. There is no written ruling on this motion contained in the record before us, nor is there any mention of this motion contained in the transcript. There is a notation on the motion that it was orally withdrawn by Chism in open court. We find no error here.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 28, 2009.

Shenita S. Chism, *pro se.*

*Brian K. Fortner,* Solicitor-General, *Evelyn Proctor,* Assistant Solicitor-General, for appellee.