## A10A0048. WILLIAMS v. THE STATE.
### (693 SE2d 613)

ANDREWS, Presiding Judge.

Robert Ransom Williams IV was found guilty in a bench trial of violating OCGA § 40-5-146 (a) by operating a commercial motor vehicle without being issued a commercial driver's license valid for the vehicle. Williams appeals pro se claiming that the State failed to prove under the applicable legal provisions that the driver's license he possessed was not valid for the vehicle he was operating. We find the evidence was sufficient to sustain the verdict and affirm.

A law enforcement officer of the Georgia Department of Public Safety (Motor Carrier Compliance Division) issued Williams a uniform traffic citation charging him with a violation of the Uniform Commercial Driver's License Act (the Uniform Act) (OCGA § 40-5-140 et seq.). The Uniform Act implements the federal Commercial Motor Vehicle Safety Act of 1986 (the Federal Safety Act), Title XII of Public Law 99-570, and is designed to

> reduce or prevent commercial motor vehicle accidents, fatalities, and injuries by permitting commercial drivers to hold only one license; disqualifying commercial drivers who have committed certain criminal or other offenses or serious traffic violations; and strengthening commercial driver licensing and testing standards. . . .

---

OCGA § 40-5-141.

Williams was charged with violating OCGA § 40-5-146 (a) by operating a combination (articulated) commercial motor vehicle with a gross combination weight rating of the power unit (tractor) and the towed unit (trailer) of 26,001 or more pounds, without having been issued a "class A" commercial driver's license required for operation of the vehicle. As provided in OCGA § 40-5-146 (a), "no person may operate a commercial motor vehicle unless the person has been issued and is in immediate possession of a commercial driver's license valid for the vehicle he or she is driving." A "commercial motor vehicle" is defined under OCGA § 40-5-142 (7) (A) as "a motor vehicle designed or used to transport passengers or property . . . [i]f the vehicle has a gross vehicle weight rating of 26,001 or more pounds or such lesser rating as determined by federal regulation." Under OCGA § 40-5-150 (b) (1), a "class A" commercial driver's license is required to operate a commercial motor vehicle consisting of "[a]ny combination of vehicles with a gross vehicle weight rating of 26,001 pounds or more, provided the gross vehicle weight rating of the vehicle or vehicles being towed is in excess of 10,000 pounds." Under OCGA § 40-5-142 (17),

> "[g]ross vehicle weight rating" (GVWR) means the value specified by the manufacturer or manufacturers as the maximum loaded weight of a single or a combination (articulated) vehicle, or registered gross weight, whichever is greater. The gross vehicle weight rating of a combination (articulated) vehicle, commonly referred to as the "gross combination weight rating" (GCWR), is the gross vehicle weight rating of the power unit plus the gross vehicle weight rating of the towed unit or units. In the absence of a value specified for the towed unit or units by the manufacturer or manufacturers, the gross vehicle weight rating of a combination (articulated) vehicle is the gross vehicle weight rating of the power unit plus the total weight of the towed unit or units, including the loads on them.

The officer who issued the citation testified that he inspected the combination (articulated) commercial motor vehicle that Williams was operating, including the power unit (tractor) and the towed unit (trailer). It is undisputed that Williams was operating the vehicle to transport property, and that the power unit (tractor) had a gross vehicle weight rating of 11,500 pounds. As to the towed unit (trailer), the officer testified that he observed what appeared to be manufacturer-affixed plates on the trailer which showed that the manufacturer-specified value for the gross vehicle weight rating on

the towed unit (trailer) was 15,000 pounds. Thus the State produced evidence that the combination (articulated) vehicle operated by Williams had a gross combination weight rating of 26,500 pounds (which included a towed vehicle (trailer) with a gross vehicle weight rating in excess of 10,000 pounds), and therefore a "class A" commercial driver's license was required to operate the vehicle. It was undisputed that Williams had not been issued a "class A" commercial driver's license by Georgia under the Uniform Act or by any other licensing jurisdiction in accordance with the Federal Safety Act.

Williams argues that the trial court should have accepted his contention that the plates affixed to the trailer, which showed a gross vehicle weight rating of 15,000 pounds, were not affixed by the manufacturer, and did not reflect a gross vehicle weight rating value specified by the manufacturer. Williams points out that, in the absence of a manufacturer-specified gross vehicle weight rating value for the trailer, OCGA § 40-5-142 (17) provides that "the gross vehicle weight rating of a combination (articulated) vehicle is the gross vehicle weight rating of the power unit plus the total weight of the towed unit or units, including the loads on them." Williams contends that, because his vehicle weighed in at the time of the inspection at 23,080 pounds, the State failed to prove under this test that his vehicle had a gross combination weight rating sufficient to require him to obtain a "class A" commercial driver's license. Williams testified, however, that the 15,000 pound rating plates observed by the inspecting officer were affixed to the trailer when he purchased it from a previous owner, and he admitted that he had no evidence that the plates were not placed on the trailer by the manufacturer.

On appeal, the evidence is viewed in the light most favorable to the court's verdict, and the appellant no longer enjoys the presumption of innocence. *Chism v. State*, 295 Ga. App. 776 (674 SE2d 328) (2009). This Court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient to support the verdict. Id. The evidence presented during the bench trial was sufficient for the trial court to find Williams guilty beyond a reasonable doubt of a misdemeanor violation of OCGA § 40-5-146 (a) as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED APRIL 6, 2010.

Robert R. Williams IV, *pro se.*

*Nina M. Baker, Solicitor-General, Julian A. Mack, Assistant Solicitor-General,* for appellee.