S11A1463. WILKIE v. THE STATE.
(721 SE2d 830)

CARLEY, Presiding Justice.

On September 26, 2005, Allen Morris was fatally shot with a crossbow, and Timothy Leroy Wilkie was arrested as a result. Wilkie has been represented by counsel since September 27, 2005. On October 11, 2005, Wilkie waived his right to a preliminary hearing and was released on bond the following day. He was indicted for malice murder, felony murder, and aggravated assault on September 22, 2009 and was arrested on a grand jury warrant on September 30, 2009. Wilkie was denied bail on October 5, 2009, and his motion for reconsideration of bail was denied on October 22, 2009. On April 29, 2010, he pled not guilty to the charges in the indictment, and on January 18, 2011, he filed a motion for discharge and acquittal and

plea in bar alleging that his constitutional right to a speedy trial had been violated. After conducting a hearing, the trial court entered an order denying the motion on April 4, 2011, and Wilkie appeals directly from that order. *Callaway v. State*, 275 Ga. 332 (567 SE2d 13) (2002).

> "In examining an alleged denial of the constitutional right to a speedy trial, courts must engage in a balancing test with the following factors being considered: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). The existence of no one factor is either necessary or sufficient to sustain a speedy trial claim, and a trial court's findings of fact and its weighing of disputed facts will be afforded deference on appeal." [Cit.] We review the trial court's ruling for abuse of discretion. [Cit.]

*Fallen v. State*, 289 Ga. 247-248 (710 SE2d 559) (2011).

*Length of the Delay.* "The length of the delay 'actually figures into the speedy trial analysis in two respects.' [Cit.]" *Scandrett v. State*, 279 Ga. 632, 633 (1) (a) (619 SE2d 603) (2005).

> "First, a court must determine whether the delay 'has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, (the accused) cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness.' *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992). If the delay passes this threshold test of 'presumptive prejudice,' then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with 'the presumption that pretrial delay has prejudiced the accused intensif(ying) over time.' *Doggett*, [supra at 652]. . . . However, the presumptive prejudice arising from delay 'cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria.' *Doggett*, [supra at 656]. Instead, 'it is part of the mix of relevant facts, and its importance increases with the length of delay.' [Cit.]" [Cit.]

*Fallen v. State*, supra at 248 (1). Calculated from Wilkie's arrest on September 26, 2005 to the denial of the motion for discharge and acquittal on April 4, 2011, "[t]he delay in this case . . . is . . . five and

a half years. [Cit.] The trial court . . . correctly ruled that this delay of far more than one year was presumptively prejudicial, requiring full analysis of the *Barker* factors. [Cit.]" *State v. Pickett*, 288 Ga. 674, 675-676 (2) (b) (706 SE2d 561) (2011). " '[T]he State does not challenge the trial court's finding that the pretrial delay at issue should weigh against the State as uncommonly long.' [Cit.]" *State v. Porter*, 288 Ga. 524, 527 (2) (c) (1) (705 SE2d 636) (2011). "As a result, the remaining *Barker* factors must be considered. [Cit.]" *Fallen v. State*, supra.

*Reason for the Delay.* Wilkie argues that the State was not actively investigating the case the entire time preceding return of the indictment. However, the testimony at the hearing supported the trial court's finding that this "case was difficult, complex, and not just any ordinary street crime. [Cit.]" The investigator and the prosecutor obtained information that the victim was killed for insurance proceeds, and during the period at issue, they were seeking and receiving records from insurance and financial institutions.

> The evidence here supports the trial court's finding that the . . . years prior to indictment were used for investigation. Moreover, even if the State had not investigated the case further during those . . . years, there is no evidence that the State intentionally delayed the indictment or trial, and delay due to negligence or workloads is weighed lightly against the State, as the trial court lightly weighed the delay here. [Cit.]

*Sweatman v. State*, 287 Ga. 872, 875 (4) (700 SE2d 579) (2010). See also *Hassel v. State*, 284 Ga. 861, 862 (b) (672 SE2d 627) (2009). Compare *State v. Gleaton*, 288 Ga. 373, 375 (703 SE2d 642) (2010).

*Assertion of the Right to a Speedy Trial.* Wilkie never filed a statutory speedy trial demand and only raised the constitutional speedy trial issue in the January 18, 2011 motion.

> [A] defendant may assert his constitutional right to a speedy trial at any time after he is arrested; he need not wait until indictment. [Cit.] However, once his constitutional right accrues, the defendant has the responsibility to assert it, and delay in doing so normally will be weighed against him. [Cits.] [Wilkie's] inability to assert his *statutory* right to a speedy trial [prior to indictment] does not alter this analysis. [Emphasis in original.]

*State v. Pickett*, supra at 676 (2) (c) (3). Wilkie had counsel for four

years between arrest and indictment. Moreover, he waited nearly sixteen months after his indictment to assert his right for the first time, and that is a significant delay in itself. See *State v. Pickett*, supra; *Robinson v. State*, 287 Ga. 265, 268 (1) (c) (695 SE2d 201) (2010); *Jakupovic v. State*, 287 Ga. 205, 207 (1) (c) (695 SE2d 247) (2010). The trial court did not abuse its discretion in weighing the more than five year delay heavily against Wilkie. See *State v. Pickett*, supra at 677 (2) (c) (3).

*Prejudice.* Wilkie further argues that the trial court should not have weighed the prejudice factor against him, as he was denied bond in 2009 and suffered a broken leg while in prison, and the crime scene was destroyed by fire seven and one-half months after the 2009 arrest.

> The types of prejudice associated with an unreasonable delay before trial include " 'oppressive pretrial incarceration,' 'anxiety and concern of the accused,' and 'the possibility that the (accused's) defense will be impaired' by dimming memories and loss of exculpatory evidence." [Cits.] "Of these forms of prejudice, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' " [Cit.]

*State v. Porter*, supra at 529 (2) (c) (4). With regard to the first two factors, Wilkie was released on bond for nearly four years and has not proved either that his injury during incarceration was not treated properly or that he suffered unusual fear and anxiety in jail. *Bowling v. State*, 285 Ga. 43, 46 (1) (d) (673 SE2d 194) (2009). As for the third factor, Wilkie failed to investigate the crime scene for seven and one-half months after return of the indictment. Compare *State v. Gleaton*, supra at 376-377 (defendant not charged with lack of due diligence for failure to investigate crime scene prior to indictment). Moreover, defense counsel had visited the crime scene in 2005, and autopsy reports and photographs and videos of the crime scene were made available to Wilkie.

> [H]e provided no cogent testimony regarding how he may have been harmed by this destruction. Given [Wilkie's] generalized complaints ... without any real showing of harm to his defense, it cannot be said that the trial court erred in discounting his claims. [Cit.]

*Bowling v. State*, supra at 46-47 (1) (d). Compare *State v. Gleaton*, supra at 377 (where both parties prevented from obtaining forensic

and other evidence, and faced with practical impossibility of locating witnesses whose residences were in the condemned apartment complex where crimes occurred); *State v. White*, 282 Ga. 859, 863-864 (2) (d) (655 SE2d 575) (2008) (where condemnation of apartment complex presented both parties with difficulty in preparing).

Considering all four of the relevant factors, we conclude that the trial court did not abuse its discretion by ruling that the presumptive prejudice arising from delay in bringing Wilkie to trial was insufficient for him to prevail on his constitutional speedy trial claim, given that the State's pre-indictment delay was not intentional, that Wilkie was dilatory in asserting his rights, and that there was not any demonstrable prejudice to his defense. See *Sweatman v. State*, supra; *Bowling v. State*, supra at 47 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012 —
RECONSIDERATION DENIED FEBRUARY 6, 2012.

*Robert H. Citronberg, Michael D. Mann*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Lenny I. Krick, Brett E. Pinion, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.