**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 27, 2012

# In the Court of Appeals of Georgia

A12A0246. WATKINS v. THE STATE.

BARNES, Presiding Judge.

Demonte Watkins appeals the denial of his motion to dismiss the criminal charges against him, contending that the four-year delay between his arrest and the ruling on his motion violated his right to a speedy trial under the Sixth Amendment of the United States Constitution. Because the trial court's order is insufficient to allow us to determine whether it abused its discretion in denying the motion, we vacate the judgment and remand for entry of an order including proper findings in accordance with *Barker v. Wingo*, 407 U.S. 514 (92 SC 2182, 33 LE2d 101) (1972). *Higgenbottom v. State*, 288 Ga. 429, 430 (704 SE2d 786) (2011).

Watkins was arrested on August 17, 2007, and indicted on August 28, 2007 for attempted armed robbery, aggravated assault with the intent to rob, and possession of a firearm during the commission of a crime. On March 23, 2010, the State re-indicted Watkins to add charges for aggravated assault with a deadly weapon and two counts of firearm possession by a felon. On July 30, 2010, Watkins moved to dismiss the indictment, asserting that the State had violated his constitutional right to a speedy trial, and the trial court denied the motion on August 9, 2011, almost four years after his arrest and a year after he filed his motion to dismiss.

1. Watkins argues on appeal that the trial court erred in denying his motion to dismiss, and failed to make sufficient findings of fact regarding some of the factors to be considered.

Both the United States and Georgia Constitutions grant defendants in criminal cases a right to a speedy trial. U.S. Const. Amend. VI; Ga. Const. Art. I, Sec. I, Para. XI (a). When considering a motion to dismiss on this ground, the court conducts a two-tier analysis. Under the first tier, the court considers whether the delay is long enough to be presumptively prejudicial, and if so, then it considers under the second tier whether the delay constituted a speedy trial violation. *Brewington v. State*, 288 Ga. 520, 520-521 (1) (705 SE2d 660) (2011). In determining whether the delay

2

violated the defendant's speedy trial right, the court considers (1) whether the delay is uncommonly long; (2) the reasons and responsibilities for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. *Doggett v. United States*, 505 U.S. 647, 651 (112 SC 2686, 120 LE2d 520) (1992).

The four factors must be considered together, balancing the conduct of the prosecution and the defendant on a case-by-case basis. *Boseman v. State*, 263 Ga. 730, 731 (1) (438 SE2d 626) (1994). We review a trial court's decision to deny a motion seeking dismissal for a speedy trial violation under an abuse of discretion standard. *Wilkie v. State*, 290 Ga. 450 (721 SE2d 830) (2012). "It is imperative, therefore, that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review." *Higginbottom*, 288 Ga. at 430.

Further, "[i]f the trial court significantly misapplies the law or clearly errs in a material factual finding, the trial court's exercise of discretion can be affirmed only if the appellate court can conclude that, had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment." *State*

3

*v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). In this case, the trial court failed to make the findings required for this court to determine whether it properly exercised its discretion.

2. The length of delay is calculated "from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *State v. Porter*, 288 Ga. 524, 526 (2) (b) (705 SE2d 636) (2011). The State concedes that the almost-four-year delay in this case is presumptively prejudicial, thus triggering the need for additional analysis. It also concedes that the length of delay was uncommonly long, and should weigh heavily against the State.

3. In considering the reasons for the delay, the trial court noted only that Watkins twice failed to appear for scheduled court dates, which resulted in the issuance of two bench warrants and Watkins' subsequent arrests, which accounted for approximately six months of delay. Other than this six-month period, however, the trial court's order does not address the causes of the remaining three-and-a-half years of delay or determine how much of the delay should be weighed against either Watkins or the State. The court simply concludes that Watkins' two failures to appear "in part explain the delay and thus the Court finds the reason for the delay is benign." Even assuming the trial court meant that the delay was caused equally by Watkins and

4

the State, absent any findings regarding the reasons for the rest of the delay this court cannot determine whether the trial court abused its discretion in reaching this conclusion.

4. The trial court also found that Watkins' almost-three-year delay in asserting his right to a speedy trial weighed against him, noting that the case had been on several trial calendars and "was progressing up the list of cases ready for trial." The court made no findings, however, in response to Watkins' argument that his responsibility for the delay should be mitigated by the State's failure to produce certain discovery items until early 2010. See *State v. Brown*, ___ Ga. App. ___ (Case No. A11A1932, decided on March 20, 2012).

5. Watkins argued that he was prejudiced by the delay because the crime scene became unavailable, he could not locate a witness, and his ability to work was restricted. Again, however, the trial court made no findings regarding prejudice resulting from delay caused by the State, finding only that Watkins' unavailability to assist his counsel when he was incarcerated pursuant to bench warrants "equally contributed to any prejudice" he suffered.

6. Finally, the trial court failed to make even a bare conclusion about how these factors balanced against each other. The factors "must be considered together with

5

such other circumstances as may be relevant." *Barker*, 407 U.S. at 533. This "difficult and sensitive balancing process . . . necessarily compels courts to approach speedy trial cases on an ad hoc basis," an admonition our Georgia Supreme Court has often repeated. (Citations and punctuation omitted.) *State v. Porter*, 288 Ga. at 533 (2) (d). "It is not the job of the appellate court . . . to weigh the *Barker* factors." *Pickett*, 288 Ga. at 679-680 (2) (d).

An appellate court may affirm a trial court's speedy trial decision even if it significantly misapplies the law or clearly errs in a material factual finding if it concludes that, "had the trial court used the correct facts and legal analysis, it would have had no discretion to reach a different judgment." *Pickett*, 288 Ga. at 679 (2) (d). In this case, however, considering the trial court's failure to balance the *Barker* factors at all, as well as its failure to address important factual issues such as the reason for most of the lengthy delay, we cannot simply affirm. See *Goffaux v. State*, 313 Ga. App. 428, 432 (721 SE2d 635) (2011). Accordingly, we vacate the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion. *State v. Porter*, 288 Ga. at 534 (2) (e).

*Judgment vacated and case remanded with direction. Adams and McFadden, JJ., concur.*