S13A0443. BROCK v. THE STATE.
(743 SE2d 410)

HUNSTEIN, Chief Justice.

Derrick Brock was convicted of the murder of James Lockett, who died from injuries sustained in a fire at his rooming house on Bolton Road in Atlanta.[1] On appeal, Brock contends that he was denied his Sixth Amendment right to a speedy trial and that his trial counsel was ineffective for failing to assert the speedy trial claim. Because the trial court properly concluded Brock was not denied his

---

[1] The fire occurred on January 29, 2003, and James Lockett died on February 23, 2003. On March 31, 2009, the Fulton County Grand Jury indicted Brock for one count of malice murder, two counts of felony murder, two counts of aggravated assault, and one count of first degree arson. Prior to jury deliberations, the trial court dismissed the aggravated assault and arson counts on the ground that the statute of limitations for those counts had expired prior to the indictment. On March 8, 2011, the jury found Brock guilty of malice murder and two counts of felony murder, and the trial court sentenced him to life imprisonment for malice murder; the felony murder counts were vacated by operation of law. Brock filed a motion for new trial on April 1, 2011, and an amended motion for new trial on July 13, 2012, which was denied on September 11, 2012. Brock filed a notice of appeal on September 18, 2012. The case was docketed for the Court's January 2013 term and submitted for decision on the briefs.

constitutional right to a speedy trial and trial counsel was not deficient for failing to raise the issue prior to trial, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence presented at trial shows that Brock got into a fight when he tried to enter the room of Raymond Dixon, a resident of the rooming house, to smoke some of Dixon's crack cocaine. Dixon asked Brock to leave and pushed him out the bedroom door. They tussled and wrestled in the hallway for several minutes until another resident broke up the fight. They renewed the fighting on the front porch, and Dixon blackened both of Brock's eyes. After Dixon returned to his room at the front of the house, Brock banged on the door, screamed "I'm going to burn this motherf____ down" three or four times, threw rocks at the windows, and broke some window panes. Other witnesses heard Brock say, "All you n____s and all you whores will die by daylight, I will burn that house down" and "All of the motherf____s and the punk n____s [are] going to pay." Brock remained outside in the driveway under Dixon's window for at least an hour, yelling, cursing, drinking, and "hanging out." In the early morning hours, Dixon left the house to buy more crack cocaine; the two women he had been entertaining went to meet a friend at the gas station across the street. One of them testified that she saw Brock next to the store holding a small can with flames on it. When Dixon returned home later, he found the house in flames.

Fire investigators determined that the fire, which started around 7:30 a.m., was deliberately set in Dixon's room in the area of the mattress or just outside the closet. They found a small metal can of lighter fluid without a cap at the foot of the bed and patterns around the bed that were caused by an ignitable liquid poured on the surface. The only exits in the house were the front door and the windows on three sides of the house; the back door was locked and blocked by debris, and plywood covered the windows on the side of the house where Lockett's room was located. Firefighters found Lockett in the hallway under heavy smoke. He suffered third-degree burns over 45 percent of his body and died three weeks later from the injuries he had sustained in the fire. Two other persons who were staying in the rear rooms of the house suffered injuries from smoke inhalation. At trial, Brock presented an alibi defense, calling four witnesses who testified that he was at his sister's apartment early that morning.

Although Brock contends that the State's witnesses were not credible because they were drug addicts, prostitutes, and convicted felons who were intoxicated or using drugs that night, this Court does not weigh the evidence or resolve conflicts in testimony. See *Caldwell v. State*, 263 Ga. 560 (1) (436 SE2d 488) (1993). It is the jury's role to assess the credibility of witnesses and resolve any inconsistencies in

the evidence. See *Hampton v. State*, 272 Ga. 284 (1) (527 SE2d 872) (2000). We conclude that a rational trier of fact could have found Brock guilty of murder beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Brock contends that his Sixth Amendment right to a speedy trial was violated by the delay between his arrest in 2003 and his indictment in 2009 and trial in 2011. Brock, who was released on bond shortly after his arrest, first raised the speedy trial claim in his July 2012 amended motion for a new trial.

To decide a constitutional speedy trial claim, courts engage in a balancing test that considers the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." See *Barker v. Wingo*, 407 U. S. 514, 530 (IV) (92 SCt 2182, 33 LE2d 101) (1972). The initial inquiry is "whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered 'presumptively prejudicial.' " *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008) (citation omitted). If it is, the court considers "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U. S. 647, 651 (II) (112 SCt 2686, 120 LE2d 520) (1992). Our standard of review is whether the trial court abused its discretion. *Fallen v. State*, 289 Ga. 247, 248 (710 SE2d 559) (2011).

(a) *Presumptive prejudice.* The eight-year delay in this case between Brock's arrest and trial triggers a presumption of prejudice. *Ruffin*, 284 Ga. at 55 (one year marks the point where deliberateness in prosecuting a crime turns generally into presumptively prejudicial delay). "While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett*, 505 U. S. at 655-656 (citation omitted).

(b) *Length of delay.* The pre-trial delay is uncommonly long and weighs against the State. See *Doggett*, 505 U. S. at 652 (describing eight-and-a-half year lag between indictment and arrest as extra-ordinary). To the extent the trial court overlooked this factor in its balancing process, it erred. See *Ruffin*, 284 Ga. at 59.

(c) *Reasons for the delay.* The record does not show the specific reason for the six-year delay prior to indictment or the two-year delay between Brock's indictment and trial. There is no evidence that the State intentionally caused the delay or attempted to undermine Brock's defense. When the reason for the delay is not apparent, we treat it as caused by the negligence of the State, see *Ruffin*, 284 Ga.

at 61, and weigh it lightly against the State. See *Sweatman v. State*, 287 Ga. 872 (4) (700 SE2d 579) (2010).

(d) *Assertion of right to speedy trial.* Brock never filed a speedy trial demand in any form prior to trial, first asserting the claim 17 months after the jury had convicted him of murder. The Supreme Court stated in *Barker* that "barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates . . . that the defendant did not want a speedy trial." *Barker*, 407 U. S. at 536. In this case, the trial court found that trial counsel did not file a speedy trial demand after he was hired in 2009 for strategic reasons: he believed the passage of time would benefit the defense and his client was out on bond. In addition, the trial court found unpersuasive Brock's testimony that he disagreed with his attorney and had expressed a desire for a speedy trial. We conclude the trial court did not abuse its discretion in weighing this factor heavily against Brock. See *Wilkie v. State*, 290 Ga. 450, 453 (721 SE2d 830) (2012); see also *State v. Porter*, 288 Ga. 524, 529 (2) (c) (3) (705 SE2d 636) (2011) ("an extended delay in asserting the right to a speedy trial should normally be weighed *heavily* against the defendant.").

(e) *Prejudice.* The Supreme Court has "identified three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." *Washington v. State*, 243 Ga. 329, 331 (1) (d) (253 SE2d 719) (1979). In this case, Brock was released on a signature bond shortly after his arrest and, thus, was not incarcerated for most of the time prior to trial. Because Brock was out on bond, he was able to assist in his defense by locating an alibi witness, and the trial was delayed a day to enable the witness to testify. While Brock testified at the motion for new trial that he experienced stress and anxiety due to the pending murder charge and was unable to leave the state to attend his daughter's college graduation, he also admitted that some of this stress was caused by the financial burden of his defense. Regarding the effect of the delay on his ability to present his defense, Brock argues that he was significantly impaired because one of his alibi witnesses died prior to trial and the passage of time impaired the ability of his other witnesses to recall events. The witness, however, died 18 months after the fire in July 2004, and Brock was able to read the witness's testimony from the May 2003 pretrial hearing into evidence at trial. Moreover, "the dimming of memories and loss of evidence that inevitably accompany the passage of time tend to help rather than hinder the accused" since the government has the burden of proving each element of its case

beyond a reasonable doubt. See *Ruffin*, 284 Ga. at 62. Given Brock's failure to assert his right to a speedy trial prior to trial and his failure to present persuasive evidence of prejudice, we conclude that the trial court did not abuse its discretion in determining that the presumptive prejudice arising from the delay in bringing Brock to trial was insufficient to establish a violation of Brock's constitutional right to a speedy trial.

3. Brock also argues that his trial counsel was ineffective for failing to request a speedy trial. To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (II) (104 SCt 2052, 80 LE2d 674) (1984). In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the range of sound trial strategy and reasonable professional judgment. Id. at 689. Our review of the record establishes that Brock has failed to show his trial counsel performed deficiently.

At the hearing on the motion for a new trial, Brock's trial counsel testified that he did not file a motion for speedy trial because he believed the passage of time would only benefit Brock. He explained that the lifestyle of the witnesses did not promote long lives and their transient nature would make it difficult for the State to locate them for trial. In addition, he did not believe it was in his client's best interest to push for a trial since Brock was out on bond. Finding that the defendant had an incentive for delaying the trial, the trial court determined that trial counsel's failure to challenge the delay was a reasonable strategy and tactic. We conclude that the trial court did not err in determining that trial counsel did not perform deficiently in failing to raise Brock's right to a speedy trial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 20, 2013 —
RECONSIDERATION DENIED JUNE 17, 2013.

Derrick Brock, *pro se.*

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.