**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
https://www.gaappeals.us/rules

**February 13, 2024**

# In the Court of Appeals of Georgia

A23A1501. BARKER v. THE STATE.

DILLARD, Presiding Judge.

Following trial, a jury convicted Cashawn Barker on a charge of failure to maintain her lane of travel. In her *pro se* appeal, Barker contends the trial court erred in denying her (1) motion arguing that the statute of limitation barred her prosecution; (2) claim that her Sixth Amendment right to a speedy trial was violated; and (3) motion for reconsideration. For the following reasons, we affirm the denial of Barker's motion that the statute of limitation barred her prosecution. But because the trial court's ruling on Barker's speedy-trial claim is insufficient to allow us to determine whether it abused its discretion in denying the motion, we vacate that ruling and remand for entry of an order including the proper findings.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that just after midnight on January 16, 2021, a Douglas County Sheriff's deputy on traffic patrol—and parked along Interstate 20 near the exit to State Highway 92—observed a Dodge Avenger cross over the white line marking the right side of the interstate's emergency lane several times. As a result, the deputy activated his patrol vehicle's blue lights to initiate a traffic stop. But rather than stop immediately on the side of the interstate, the Dodge Avenger exited onto Highway 92 and pulled into the parking lot of a gas station. The deputy followed, and upon exiting his vehicle, he approached the driver (whose license identified her as Barker) and explained why he initiated the traffic stop. The deputy then issued Barker traffic citations for failure to maintain her lane and to yield to an emergency vehicle.

At the time the deputy conducted the traffic stop and issued Barker a citation, the State of Georgia—in fact the entire nation and much of the world—remained in the throes of the COVID-19 pandemic. As a result, nearly a year earlier (on March 14, 2020), the Chief Justice of the Supreme Court of Georgia entered an order declaring a statewide judicial emergency (under OCGA § 38-3-61), which, among other things,

---

[1] *See, e.g.*, *Libri v. State*, 346 Ga. App. 420, 421 (816 SE2d 417) (2018).

suspended jury trials that had not yet commenced.[2] And by January 16, 2021 (the date of the traffic stop), jury trials had not fully resumed.[3] But on March 9, 2021, the Chief Justice entered a twelfth extension of the judicial emergency order, lifting the prohibition on jury trials because "the surge in COVID-19 cases that led to the suspension of jury trials [had] declined."[4]

Nevertheless, the case was delayed several times before eventually being set for a March 21, 2023 trial in the State Court of Douglas County. That day, the State filed what it characterized as an "Amended Accusation," charging the two offenses noted in the January 16, 2021 citations and adding a charge of fleeing or attempting to elude a police officer. The trial court discussed the accusation and Barker's motion to

---

[2] *See* Ga. S. Ct., Order Declaring Statewide Judicial Emergency, at p. 1-2 (March 14, 2020).

[3] On October 10, 2020, the Chief Justice of the Supreme Court of Georgia entered a seventh extension of the judicial emergency order that ended the "blanket suspension" of jury trials, effective immediately. Ga. S. Ct. Seventh Order Extending Declaration of Statewide Judicial Emergency, p. 4 (I) (B) (2) (Oct. 10, 2020). But on December 23, 2020, "[i]n response to the recent rapid escalation of COVID-19 cases," the Chief Justice entered a modified ninth extension order prohibiting jury trials not already in progress. Ga. S. Ct., Order Modifying Ninth Order Extending Declaration of Statewide Judicial Emergency, at p. 1 (Dec. 23, 2020).

[4] Ga. S. Ct., Twelfth Order Extending Declaration of Statewide Judicial Emergency, at p. 2 (March 9, 2021).

dismiss the case based on a violation of her right to a speedy trial—which she also filed that day—with both parties, and asked Barker if she wanted a continuance in light of the new charge. But Barker—who was acting *pro se*—responded that she wanted to proceed. The State agreed, and the trial court recessed for the day but informed the parties the trial would proceed the next morning.

The following day, March 22, 2023, the parties appeared in court, at which point, the State explained it had filed a second amended accusation to reflect that it would only be proceeding on the charge that Barker failed to maintain her lane of travel. At the same time, Barker requested the trial court dismiss this charge based, again, on her motion claiming a violation of her right to a speedy trial and on a newly filed motion that the applicable statute of limitation barred her prosecution. The court then heard argument on both of Barker's motions before issuing an oral order from the bench denying them.

Thereafter, the parties selected a jury, and trial commenced, during which the sheriff's deputy testified about the traffic stop. In addition, the State introduced video from both the dashboard camera in the deputy's patrol vehicle and body camera, and

the State played both videos for the jury. At the conclusion of the trial, the jury found Barker guilty on the charge of failure to maintain her lane.

One week later, Barker filed a motion for reconsideration and a motion to set aside, and on April 11, 2023, the trial court conducted a hearing on her motions. During the hearing, Barker reiterated the arguments she made in her motion claiming a violation of her right to a speedy trial and her motion claiming that the statute of limitation barred her prosecution; but the trial court again denied them. This appeal follows.

1. Barker first contends the trial court erred in denying her motion that the statute of limitation barred her prosecution. We disagree.

It is well established that, in criminal cases, the period of limitation "runs from the commission of the offense to the date of the indictment."[5] And the burden is on the State to "prove that a crime occurred within the applicable statute of limitation."[6] Needless to say, the appellate standard of review for a plea in bar asserting a statute-of-

---

[5] *Brooks v. State*, 365 Ga. App. 711, 721 (4) (880 SE2d 226) (2022) (punctuation omitted); *accord Beavers v. State*, 345 Ga. App. 870, 871 (815 SE2d 223) (2018).

[6] *Brooks*, 365 Ga. App. at 721 (4) (punctuation omitted); *accord Beavers*, 345 Ga. App. at 871.

limitation defense is "a de novo review of the issue of laws."[7] Even so, when a trial court's ruling involves a mixed question of fact and law, we accept the trial court's "findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts."[8]

In this matter, Barker was charged with failure to maintain her lane of travel in violation of OCGA § 40-6-48, which—like most traffic offenses—is a misdemeanor.[9] And OCGA § 17-3-1 (e) requires that a "[p]rosecution for misdemeanors shall be commenced within two years after the commission of the crime." Specifically, the two-year period in which a misdemeanor must be prosecuted "runs from the date the offense is committed until the date the original accusation is filed."[10] But importantly, a uniform traffic citation "serves as an accusation in any court having jurisdiction over

---

[7] *Brooks*, 365 Ga. App. at 721 (4) (punctuation omitted); *accord Duke v. State*, 298 Ga. App. 719, 720 (1) (681 SE2d 174) (2009).

[8] *Brooks*, 365 Ga. App. at 721 (4) (punctuation omitted); *accord Duke*, 298 Ga. App. at 720 (1).

[9] *See* OCGA § 40-6-1 (a) ("It is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter."); *State v. Thompson*, 334 Ga. App. 692, 694 (780 SE2d 67) (2015) (noting that the traffic offense of failure to maintain lane is a misdemeanor).

[10] *State v. Dorsey*, 342 Ga. App. 188, 189 (1) (802 SE2d 61) (2017).

6

the offense, except superior court."[11] Indeed, a prosecution "commences" when a charging instrument, "such as an accusation, indictment, or Uniform Traffic Citation ('UTC'), is issued, and continues until there has been a final disposition of the case."[12]

Initially focusing on the two accusations the State filed just before trial (more than two years after the traffic stop), Barker argues her prosecution should have been barred. But in this matter, the prosecution commenced on January 16, 2021, when the sheriff's deputy issued the UTC to Barker following the traffic stop, not on March 21, 2023, when the first accusation was filed, and thus, the State's prosecution did not

---

[11] *Prindle v State*, 240 Ga. App. 461, 461 (1) (523 SE2d 44) (1999); *accord Carroll v. State*, 252 Ga. App. 39, 39 (1) (554 SE2d 560) (2001); *see* OCGA § 40-13-1 ("The commissioner of driver services shall develop a uniform traffic citation and complaint form for use by all law enforcement officers who are empowered to enforce the traffic laws and ordinances in effect in this state. Such form shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is charged, and as the record of the disposition of the matter by the court before which the accused is brought, and shall contain such other matter as the commissioner shall provide. . . .").

[12] *Chism v. State*, 295 Ga. App. 776, 777 (1) (674 SE2d 328) (2009) (citation and punctuation omitted); *see Prindle*, 240 Ga. App. at 461 (1) (holding that two-year statute of limitation for traffic offenses runs from the date the offense was committed until the date the original accusation is filed and that a uniform traffic citation serves as an accusation in any court having jurisdiction over the offense, except superior court).

violate the statute of limitation.[13] Furthermore, with regard to the accusations, OCGA § 17-7-71 (f) provides: "Prior to trial, the prosecuting attorney may amend the accusation, summons, or any citation to allege or to change the allegations regarding any offense arising out of the same conduct of the defendant which gave rise to any offense alleged or attempted to be alleged in the original accusation, summons, or citation." And whether an amendment to an accusation or indictment after expiration

---

[13] *See Chism*, 295 Ga. App. at 777 (1) (holding that for purposes of two-year limitations period to commence prosecution for misdemeanors, prosecution for speeding and driving a vehicle with a suspended tag 'commenced' when traffic citations were issued); *Carroll*, 256 Ga. App. at 39 (1) (holding two-year statute of limitation was not violated given that officer's issuance of traffic citation on the date of traffic stop commenced prosecution); *Prindle*, 240 Ga. App. at 461-62 (1) (explaining that prosecution of misdemeanor traffic offenses commenced on date police issued traffic citation to defendant and thus prosecution was not barred by two-year statute of limitation). In her initial brief, Barker argues the trial court's denial of her motion to dismiss relied on a misinterpretation of whether the various Supreme Court orders declaring a statewide judicial emergency tolled the statute of limitation. But this is belied by the record. In denying Barker's motion prior to jury selection, the trial court explicitly explained that "a citation operates as the original accusation." And later, during the hearing on Barker's motion for reconsideration, while the court acknowledged the Supreme Court's orders did not toll the statute in this matter, it reiterated its denial was based on the fact that under Georgia law "the uniform traffic citations operate as an accusation."

of the statute of limitation "broadens or substantially amends the original charge is undoubtedly an issue of law."[14]

Here, the State dismissed the first accusation, which added the charge of fleeing or attempting to elude a police officer—a charge for which the deputy did not issue a citation; and it ultimately proceeded with an amended accusation, charging only a count for failure to maintain her lane. So, the amended accusation did not "commence a new prosecution, but rather, constituted a continuation of the original prosecution."[15]

Nevertheless, turning her focus to the initial citation, Barker argues that it was defective because it merely cited the statute violated without providing any additional information and failed to adequately state where the offense occurred. But here, we

---

[14] *Barghi v. State*, 334 Ga. App. 409, 411 (1) (779 SE2d 373) (2015); *accord Garrison v. State*, 368 Ga. App. 819, 821 (1) (a) (890 SE2d 869) (2023); *see Lee v. State*, 289 Ga. 95, 96 (709 SE2d 762) (2011) (explaining that whether an amendment to an accusation or indictment after expiration of the statute of limitation broadens or substantially amends the original charge is an issue of law).

[15] *Barghi*, 334 Ga. App. at 411 (1); *Prindle*, 240 Ga. App. at 461–62 (1) (holding that defendant's prosecution on DUI charges was not time-barred even though amended accusations were filed more than two years after offenses were committed because original citations pertaining to the same offenses and conduct were filed prior to the statute of limitation's expiration).

are precluded from considering this argument because—as demonstrated by the appellate record—Barker failed to raise this issue below and may not raise it for the first time on appeal.[16]

Moreover, even if we were to consider this argument, it lacks merit. Barker is correct that "a citation—if used as a charging instrument—should provide at least a bare minimum of facts alleging *how* the defendant violated the Code section or at least track the language of the Code section—not just the title of the Code section—to set out all of the elements of the offense."[17] But the citation here not only indicated that the offense was failure to maintain a lane and cited the relevant statute (OCGA § 40-6-48), it also described in the "remarks" section of the citation that the "driver hit the

---

[16] *See Chernowski v. State*, 330 Ga. App. 702, 707 (1) (769 SE2d 126) (2015) (holding that because defendant did not raise speedy trial issue at any point in the trial court, he could not raise the issue for the first time on appeal); *Bynum v. State*, 315 Ga. App. 392, 395-96 (3) (726 SE2d 428) (2012) ("Absent an abuse of discretion, the decision of the trial court must be affirmed. Significantly, there is no ruling of the trial court to review for abuse of discretion, as [appellant] failed to raise this issue below. As a result, he may not raise this issue for the first time on appeal.").

[17] *Strickland v. State*, 349 Ga. App. 673, 680 (2) (b) (824 SE2d 555) (2019); *accord Smith v. State*, 366 Ga. App. 399, 399 (883 SE2d 147) (2023) (explaining the true test of the sufficiency of a citation is whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what she must be prepared to meet).

white line to the right three times." In addition, and also contrary to Barker's assertion, the citation did not just note that the offense occurred on Interstate 20 but further provided that it was within the city of Douglasville and near the exit to Highway 92. And even if the citation could be characterized as insufficient, the State's accusation charging this offense—which as noted *supra* was not time barred[18]—tracked the language of the statute and alleged how Barker's driving violated the statute. Given these circumstances, there was nothing defective about the citation—even if Barker had raised this issue below.[19]

2. Barker also maintains the trial court erred in denying her claim that her Sixth Amendment right to a speedy trial was violated. But because the trial court's ruling on Barker's speedy-trial claim is insufficient to allow us to determine whether it

---

[18] *See supra* note 15 & accompanying text.

[19] *Cf. Strickland*, 349 Ga. App. at 677-78 (2) (a) (holding citation charging defendant with following too closely was defective because it did not recite any language found in statute prohibiting following too closely apart from title "following too closely" and officer did not explain how accident occurred in "remarks" section of citation); *Thrasher v. State*, 292 Ga. App. 566, 573-74 (4) (666 SE2d 28) (2008) (holding State's mistake in naming the wrong road in accusation constituted a fatal variance between accusation and evidence presented at trial for failure to maintain lane because accusation failed to definitely inform defendant as to charge against him so that he would be able to present his defense).

abused its discretion in denying that motion, we must vacate that ruling and remand this matter to the trial court for further proceedings consistent with this opinion.

The United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial,"[20] Similarly, the Georgia Constitution protects this same right, providing that "[i]n criminal cases, the defendant shall have a public and speedy trial[.]"[21] Of course, in ruling on a defendant's constitutional speedy trial claim, the "analysis proceeds in two stages."[22] First, a trial court's threshold inquiry is "whether the interval from the accused's arrest, indictment, or other formal accusation to the trial is sufficiently long to be considered presumptively prejudicial."[23] And if not, "the speedy trial claim fails."[24] But if the delay is deemed presumptively prejudicial, the trial court must consider the four factors outlined by the Supreme Court of the United States in *Barker-Doggett*,

---

[20] U.S. Const. Amend. VI.

[21] Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a).

[22] *Henderson v. State*, 310 Ga. 231, 234 (2) (850 SE2d 152) (2020).

[23] *Id.* at 234-35 (2) (punctuation omitted).

[24] *Id.* at 235 (2).

which guide Georgia courts in considering whether a delay violated an accused's right to a speedy trial."[25] As the Supreme Court of Georgia has explained,

> if the delay is long enough to invoke the presumption of prejudice, the trial court must balance four factors: (1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for the delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result.[26]

Importantly, speedy-trial claims require trial courts to "engage in a difficult and sensitive balancing process."[27] And equally important, this task is "committed principally to the discretion of the trial court, and this Court has a limited role in reviewing the trial court's decision."[28] Indeed, we must "accept the factual findings of the trial court unless they are clearly erroneous, and we must accept the ultimate conclusion of the trial court unless it amounts to an abuse of discretion, even though

---

[25] *Id.* (punctuation omitted); *see Doggett v. United States*, 505 U.S. 647, 652 (112 SCt 2686, 120 LE2d 520) (1992); *Barker v. Wingo*, 407 U.S. 514, 530 (IV) (92 SCt 2182, 33 LE2d 101) (1972).

[26] *Henderson*, 310 Ga. at 235 (2) (punctuation omitted).

[27] *Id.* (punctuation omitted).

[28] *Id.* (punctuation omitted).

we might have reached a different conclusion were the issue committed to our discretion."[29]

Here, after hearing argument from both parties, the trial court issued its ruling from the bench, explaining that it was doing so under the two-part framework set out by *Barker v. Wingo*.[30] In doing so, the court first opined that it did not think that the length of time between the sheriff's deputy issuing the citation to Barker (January 16, 2021) and the trial (March 22, 2023) was presumptively prejudicial, citing again to the prosecution still being well within the statute of limitation. But this assessment is belied by well-established case authority, which holds that "[a] one-year delay is typically presumed to be prejudicial."[31]

Despite this initial finding, the trial court did not end its inquiry but rather continued its analysis of the *Barker-Doggett* factors. Specifically, the court

---

[29] *Id.* (punctuation omitted).

[30] 407 U.S. 514 (92 SCt 2182, 33 LE2d 101) (1972).

[31] *Goins v. State*, 306 Ga. 55, 57 (2) (b) (829 SE2d 89) (2019); *accord Redding v. State*, 309 Ga. 124, 129 (2) (844 SE2d 725) (2020); *State v. Adams*, 364 Ga. App. 864, 866 (1) (876 SE2d 719) (2022); *see Jenkins v. State*, 294 Ga. 506, 510 (2) (a) (755 SE2d 138) (2014) ("In general, a delay of one year in prosecuting a crime is considered to be delay which is presumptively prejudicial.").

subsequently found that the length of the delay was partially due to the COVID-19 pandemic and the Supreme Court of Georgia's judicial emergency orders; Barker had not asserted her right to a speedy trial until the day before trial; and she suffered no prejudice given that no witnesses were no longer available. The trial court then concluded by denying Barker's motion to dismiss on speedy-trial grounds and proceeding with trial.

Based on this ruling, we can infer that the trial court weighed most of these factors against Barker, but being able to draw such an inference is not sufficient. At no point in its oral order did the court explain the extent to which it weighed each factor for or against the parties. And significantly, it failed to make even a "bare conclusion about how these factors balanced against each other."[32] But these factors must be considered together with "such other circumstances as may be relevant."[33] Indeed, a court must weigh all four factors, "along with any other relevant circumstances, in a difficult and sensitive balancing process."[34] Given these circumstances, as well as

---

[32] *Watkins v. State*, 315 Ga. App. 708, 710 (6) (727 SE2d 539) (2012).

[33] *Id.* (punctuation omitted); *accord Barker*, 407 U.S. at 533 (IV).

[34] *State v. Buckner*, 292 Ga. 390, 393 (3) (738 SE2d 65) (2013) (punctuation omitted); *see Barker*, 407 U.S. at 533 (IV) (explaining that in determining if a

the trial court's erroneous legal conclusion that the two-year delay was not presumptively prejudicial, we cannot affirm.[35] Accordingly, the trial court's ruling must be vacated and the case remanded for the court to exercise its discretion again using properly supported factual findings and the correct legal analysis, reflected in an adequate written order.[36]

3. Finally, Barker contends the trial court erred in denying her motion for reconsideration. But given our remand of this case under our holding in Division 2,

_____

defendant's right to a speedy trial has been violated a trial court must be consider all of the relevant factors together with such other circumstances as may also be relevant and that the trial courts must still engage in a difficult and sensitive balancing process of these factors).

[35] *See Adams*, 364 Ga. App. at 873 (2) (e) (holding that given the trial court's failures to properly calculate and account for all times encompassed by the total delay and to determine and clearly identify the relative weight to be attributed to each of the individual factors that led to delays in this case, the court necessarily did not properly balance all of the relevant factors, and thus, appellate court could not review trial court's ruling); *Watkins*, 315 Ga. App. at 709-10 (6) (holding because trial court failed to balance the *Barker* factors at all and failed to address important factual issues such as the reason for most of the lengthy delay, appellate court could not determine if trial court abused its discretion in denying defendant's speedy trial motion).

[36] *See Adams*, 364 Ga. App. at 873 (2) (e) (explaining that because the state court's analysis of the *Barker-Doggett* factors was incomplete, appellate court was constrained to vacate trial court's order and remand case to the state court for more complete analysis of defendant's claim right to speedy trial was violated); *Watkins*, 315 Ga. App. at 710 (6) (same).

*supra*, we need not address this issue beyond reiterating that the trial court did not err in denying Barker's motion that the statute of limitation barred her prosecution.

For all these reasons, we affirm the denial of Barker's motion that the statute of limitation barred her prosecution, but vacate the ruling on her speedy-trial claim and remand to the trial court for entry of a written order including proper findings.

*Judgment affirmed in part, vacated in part, and case remanded. Rickman and Pipkin, JJ., concur.*